JUSTICE GRAY,
dissenting:
I respectfully dissent from the majority opinion. It is my view that the District Court abused its discretion in imposing a significantly revised visitation schedule where neither party requested modification of visitation and no evidence on the record supports the court’s action.
The majority correctly notes that the District Court imposed the “Ackerman Plan” subsequent to an August 21,1991, hearing and that the court states that it considered the results of the custody evaluation done by Drs. Bornstein. The District Court did not cite to the Bomstein report, however, in support of its imposition of the new visitation schedule; the majority attempts to do so to avoid finding an abuse of discretion.
It is my view that the majority’s efforts in this regard are in error, as a clear reading of the report and the majority’s quotations from it indicate. First, the cited portions relating to continued contact with both parents and continued joint custody being in the best interests of the children have nothing whatsoever to do with the matter of substantially revising the visitation schedule. Next, the majority quotes, but does not highlight the Bornsteins’ conclusion that “there is little reason to change the visitation schedule as originally prescribed ....” The majority goes on to quote the Bornsteins’ recommendation that holiday and vacation time should be shared “as equal as possible.” It is important to note that this recommendation is limited in scope; no recommendation is made that all of the children’s time be shared as equally as possible (which is the ultimate result of the court’s imposition of the “Ackerman Plan”), but only that vacation times be so shared. Finally, the majority highlights a statement from *278 the Bornsteins’ report relating only to the importance of continuing joint custody, which was the question before the District Court, and not to revising the visitation schedule. Absolutely nothing in the Bornsteins’ report supports the court’s imposition of the “Ackerman Plan.”
The majority then goes on to quote from the District Court’s explanation of that Plan, including the notion that the “plan is meant to address the jumping back and forth where we are talking about the stability for the child’s benefit.” A more “jumping back and forth” schedule disruptive to the children’s stability, particularly in light of the recommendations from the Bornsteins, hardly can be imagined.
I agree with the majority that, pursuant to § 40-4-217(3), MCA, a court can modify visitation rights when it “would serve the best interest of the child[ren].” Nothing on the record before the District Court or this Comb supports the notion that the imposed visitation plan is in the children’s best interest; nor does the District Court make any findings regarding the children’s best interests insofar as this visitation plan is concerned.
I would hold that the District Court abused its discretion.